MICHAEL McNAMARA, as Administrator, etc., Appellant, *v.* . THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

In an action to recover damages for alleged negligence causing the death of M., plaintiff's intestate, these facts appeared: The deceased, a young woman in full possession of all her faculties, was walking upon a public street crossed by defendant's tracks, which she had crossed many times before. As she approached the tracks from the south, a train was passing the crossing going west. She stopped and waited until it had passed, then, after looking both ways, proceeded on her journey. While crossing the tracks she was struck and killed by the tender to an engine, which was running backward from the west at a high rate of speed. There was a curve in the railroad just west of the crossing, which prevented a full view of the tracks in that direction. No bell was rung or whistle blown upon the engine. A flagman was stationed at the crossing, but he was absent from his post at the time of the accident. One of plaintiff's witnesses testified that a volume of smoke emitted from the engine of the train which passed, settled down upon the crossing, which prevented her from seeing objects approaching. The witness himself saw the approaching engine, and did not testify that he was prevented from seeing objects by the smoke ; M. was nearer the track than he and, aside from the curve in the road, her opportunities for seeing were apparently as good as his. *Held,* that a motion for a nonsuit on the ground of contributory negligence was properly denied ; that the testimony of the witness as to the ability of M. to see was not conclusive upon the jury, but merely an expression of opinion ; also, that she had a right to rely upon the presence of a flagman to warn her of danger, and to assume that proper signals would be given and that engines would not be moved at such a place at such an unusual rate of speed.

*Heaney* v. *L. I. R. R. Co.* (112 N. Y. 122), distinguished.

(Argued December 7, 1892; decided December 23, 1892.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made June 23, 1892, which reversed an order denying a motion for a new trial and reversed a judgment in favor of plaintiff entered upon a verdict and granted a new trial.

This action was brought to recover damages for the death of Margaret McNamara, plaintiff's intestate, from injuries received by being struck by one of defendant's locomotives at the crossing of its road at Hamburg and Carroll streets in the city of Buffalo.

The following is the opinion in full :

" The plaintiff's intestate, a young woman about twenty-seven years of age, was injured at a street crossing in Buffalo, by one of the defendant's engines on the morning of the 14th of June, 1887, from which injuries death resulted. On the trial of this action he recovered a verdict against the defendant, but the judgment entered thereon has been reversed by the General Term. It is not disputed that there was evidence given which tended to establish negligence on the part of the defendant and which was proper and competent for the consideration of the jury. The judgment of reversal rests entirely upon the ground that the deceased, in attempting to cross the defendant's track, was, as matter of law, guilty of contributory negligence which precludes a recovery in this action. It therefore becomes necessary to refer briefly to the testimony which was submitted to the jury, in order to determine whether the question was one of law or fact. The deceased was residing with her parents and on the morning of the accident left the house as usual to proceed to the place where she had been and was then employed, and in order to reach her place of destination she had to cross the defendant's track, at or near the corner of Hamburg and Carroll streets. On approaching the crossing from the south, a train of the Rochester and Pittsburgh road was going west on the defendant's track and the deceased waited till it had passed the crossing and then resumed her journey. While crossing the railroad one of the defendant's engines backed up from the west and struck the deceased before she could get out of its way. The evidence tended to show that she waited on the south of the crossing for the Rochester and Pittsburgh train to get out of the way, and that then she looked both east and west before attempting to cross. That there was a curve in the road just west of the crossing, around which the engine came with the tender first, which prevented a full view of the track in the direction from which the danger came. The proof also tended to show that the engine was running at a high rate of speed, some of the calculations putting it as high as thirty or forty miles an hour, and that the bell was not rung or the whistle sounded and that, although there was a flagman stationed at

the crossing, whose duty it was to warn persons approaching of danger, he was, at the time the deceased attempted to cross, absent from his post. But the principal witness for the plaintiff, who saw the deceased when she started to cross and had noticed her for some time as she walked towards the crossing, testified that as the Rochester and Pittsburgh train passed a volume of smoke was emitted from the engine which settled down upon the crossing, where the deceased was waiting for the train to pass, and prevented her from seeing objects approaching from the east or the west. As the deceased did attempt to cross, however, under the circumstances disclosed in the testimony of this witness, the General Term has held that she was chargeable, as matter of law, with negligence contributing to the injury. The court below deduced this result from the doctrine in the case of *Heaney* v. *Long Island R. R. Co.* (112 N. Y. 122). We think that there is such a marked and material difference in the facts between that case and the one at bar that it is inapplicable as authority. Before pointing out the distinction to be made it may be well to observe that even if it was to be regarded as controlling in this case it is by no means certain that the testimony of the witness referred to with respect to the ability of the deceased to see on account of the smoke was conclusive upon the jury.

"It is true that he was called by the plaintiff, but that would not render his testimony in regard to the effect of the smoke, which was little more than an opinion absolutely conclusive upon the jury. He found no difficulty himself in seeing the approach of the engine, and he does not swear that he was prevented from seeing objects either to the east or the west or across the track. The deceased was nearer the track than he was and aside from the curve in the road her opportunities of seeing what was approaching from the right or the left, or any danger in front were as good apparently as his. In this state of the testimony the jury was not precluded from considering the question as to how far the smoke obstructed the vision of the deceased at the time she attempted to cross. What the witness said upon that point was not the result of any actual test or experiment from which the fact could be ascertained, but a mere expression of opinion as to

the effect of the smoke upon the girl's vision which the jury was not necessarily bound to accept.

"While the case of *Heaney* v. *Long Island R. R. Co.* (*supra*), was well decided upon the facts as they appeared in the record it is not controlling here. In that case there was no evidence whatever of any negligence on the part of the defendant and the decision might well rest upon that ground alone. Here it is not denied that there was evidence from which negligence on the part of the defendant could have been and presumptively was found by the jury. In the former case an old man sixty-six years of age, with defective hearing, attempted to cross a railroad at a private crossing where there was no obligation to ring the bell or sound the whistle ; where no flagman was stationed and where trains might properly run at any rate of speed. It is obvious that he had no safeguards to rely upon except such as were furnished by his senses which were imperfect even for a person of his age and condition. The day was dark and his vision was obscured by smoke which had settled upon the track. Here the facts are wholly different. A young woman in full possession of all her faculties, on a clear bright morning, attempted to walk across a public street, where she had passed many times before. She had the right to rely upon the presence of the flagman to warn her of any danger, and she had a right to assume that trains would not be operated at such a place with such an unusual rate of speed, and that proper signals would be given to persons using the street of the approach of a train by ringing the bell and sounding the whistle. It is obvious that the conduct of the deceased in attempting to cross under such circumstances must be judged by a different rule than was applied to an aged person crossing at a private way without any assurance of safety except his ability to hear and to see, which it appears was much impaired. It cannot, we think, be said as matter of law that the deceased failed to observe ordinary care and prudence in attempting to cross under the circumstances disclosed by this record. It was possible for the jury to find upon the evidence that she used reasonable care and caution, and this made the question one of fact which has been determined by the verdict in favor of the

plaintiff. It follows that the order of the General Term should be reversed, and judgment for the plaintiff on the verdict affirmed with costs."

*John Laughlin* for appellant.

*Daniel H. McMillan* for respondent.

O'BRIEN, J., reads for affirmance.
All concur, except GRAY, J., not sitting.
Order reversed and judgment on verdict affirmed.